# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:20-cr-00167** |
| | ) | **Judge Aleta A. Trauger** |
| **AWEIS HAJI-MOHAMED** | ) | |
| **a/k/a Son Son** | ) | |

## MEMORANDUM AND ORDER

On October 14, 2020, defendant Aweis Haji-Mohamed was indicted on a single charge of knowingly assaulting and injuring an individual in retaliation against that individual for providing information about criminal offenses committed within this district and for that individual's attending and providing testimony at an official proceeding related to those offenses, in violation of 18 U.S.C. § 1513. (Doc. No. 1.) Now before the court is the defendant's Motion to Dismiss Indictment (Doc. No. 21) on the basis of vindictive prosecution, which the United States opposes (Doc. No. 27). For the reasons set forth herein, the motion will be denied.

## I.    FACTUAL BACKGROUND

In 2016, Haji-Mohamed and several others were indicted in a Superseding Indictment, and then a Second Superseding Indictment, on multiple firearm and robbery offenses. *United States v. Johnson et al.*, No. 3:15-cr-00088 (Doc. Nos. 46, 67).[1] In 2018, pursuant to a binding Plea Agreement that incorporated an agreed-upon sentence, governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Haji-Mohamed entered a plea of guilty to Counts Eight and Thirteen in the Third Superseding Indictment, which charged him, respectively, with discharging

---

[1] The court will refer to the filings in *United States v. Johnson et al.* by docket number only, as the context is sufficient to distinguish them from filings in the case now before the court.

a firearm in connection with a crime of violence and brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 481, 572, 573.)

On November 5, 2019, the Probation Office produced a revised Presentence Investigation Report ("PSR" or "Presentence Report"). As relevant here, the PSR alleged that the defendant had been involved in a "physical altercation with a fellow federal detainee, Rondarius Williamson," who later reported that the defendant initiated the assault by referencing Williamson's cooperation with the police against the defendant and striking him on the face. (PSR ¶ 25.) Williamson acknowledged that he was cooperating with authorities in the prosecution against the defendant and that they were supposed to be separated. (*Id.*) A correctional officer who witnessed the assault also reported that the defendant had initiated the fight. (*Id.*) The PSR recommended an upward adjustment to the defendant's offense level based on "obstruction of justice" and also recommended that an adjustment for acceptance of responsibility not be applied based on this assault. (*Id.* ¶¶ 28–30.)

On December 4, 2019, just before his sentencing, the defendant filed his Amended Position Regarding Presentence Report (Doc. No. 926), indicating that, while he admitted getting into a fight with Rondarius Williamson while incarcerated, he denied that this fight was a form of witness intimidation or had anything to do with his acceptance of responsibility, as charged in the PSR. Haji-Mohamed also objected to any adjustment of his offense level for obstruction of justice. (Doc. No. 926, at 1–2.)

In response, the United States argued that these objections should be overruled. Specifically, the Government stated:

Mr. Williamson previously testified in this case that co-defendant Reginald Johnson, who is related to Mr. Williamson, had told him details regarding the murder of Isaiah Starks, which was physically committed by the defendant after Johnson told co-defendant Marquis Brandon to provide a gun to this defendant. His testimony also included information about obstructive threats.

Thereafter, the defendant assaulted Williamson while they were both in custody at the detention center located in Mason, Tennessee. The United States was notified about that assault, obtained records from that jail, and interviewed the jail guard who was in the library where this assault occurred. Paragraph 25 of the presentence report summarizes the results of that investigation. According to that information, the defendant referred derogatorily to Williamson's status as a cooperating witness, and physically assaulted him. Williamson defended himself, but also received a disciplinary report since he did not stop when officers commanded both of them to stop. Both Williamson's written report at the time of that incident, and later oral communications with an ATF agent, show that the defendant assaulted him due to his cooperation as noted above. The defendant declined to provide any statement, and has yet to even proffer an alternative motive for this assault.

(Doc. No. 939, at 2–3.) In addition, the government's Response noted that the defendant had rejected the United States' offer to permit him to plead to an Information charging this obstructive assault. (*Id.* at 4 n.1.)

At the sentencing hearing before Chief Judge Waverly Crenshaw on December 9, 2019, the United States introduced investigative reports related to the referenced assault against the cooperating witness. (*See* Exhibit and Witness List, Doc. No. 945; Sentencing Tr. excerpt, Doc. No. 966, at 6.) The Assistant U.S. Attorney also announced, on the record, that the United States intended to pursue an indictment against Haji-Mohamed for the assault:

We have advised the defense that . . . we fully intend to seek an indictment against him, seek consecutive time for the obstructive assault. We've offered Mr. Aweis Haji-Mohamed an opportunity to work it out globally under the same sentence. He has rejected that, and so the United States will proceed as it sees fit.

(Doc. No. 966, at 6.)

Judge Crenshaw observed that the documents and the guideline calculations related to the assault were irrelevant, since he intended to (and did) accept the binding Plea Agreement for a particular sentence. (Doc. No. 966, at 6.) Consistent with the terms of that Plea Agreement, Haji-

Mohamed was sentenced to 210 months on each count to which he had pleaded guilty, to run consecutively, for a total of 420 months or thirty-five years' imprisonment. (Doc. No. 573 ¶ 12.) Judgment was entered on December 20, 2019. (Doc. Nos. 944, 965.)

According to the government's Response to the Motion to Dismiss Indictment in the present case, a grand jury received testimony regarding the assault in February 2020, and "the case was approved for indictment by mid-March 2020." (Resp. M. Dismiss, Doc. No. 27, at 3.) Shortly after that, however, grand jury proceedings in this district were suspended for several months in response to the Coronavirus pandemic. Following further grand jury investigation of the assault, regarding which the government provides no details, the grand jury issued the Indictment in this case on October 14, 2020, charging the defendant in connection with the jail assault. The court takes judicial notice of the fact, that, due to the pandemic, except under very limited circumstances, all grand jury proceedings have been suspended since mid-March 2020. *See, e.g.*, *In re: court Operations Under the Exigent Circumstances Created by COVID-19*, Admin. Order No. 209 (Eleventh Amended) ¶ 8, at 5 (M.D. Tenn. Feb. 25, 2021) ("All grand jury proceedings are continued through April 15, 2021, with the exception of Grand Jury Panel No. 2019-1, who will report for limited purposes as ordered by the Chief Judge."). The government was able to obtain the Indictment initiating this case on October 14, 2020, based on the Chief Judge's authorization of a limited meeting of the grand jury at that time.

On October 5, 2020, just days before the issuance of the Indictment, the court received and docketed a letter from Haji-Mohamed requesting the court's assistance in filing a motion challenging his conviction under 28 U.S.C. § 2255. (Doc. No. 1005.) The letter does not identify any issues the defendant intended to raise in a § 2255 motion. On October 13, 2020, Chief Judge Crenshaw entered an Order appointing counsel for the purpose of representing the defendant in

pursuing a § 2255 motion. (Doc. No. 1006.) Counsel for Haji-Mohamed entered an appearance in the criminal case and, on December 8, 2020, filed a habeas petition initiating a new civil action. *Haji-Mohamed v. United States*, No. 3:20-cv-01052.

## II.  THE CURRENT MOTION

Haji-Mohamed, through different counsel, has now filed his Motion to Dismiss the indictment in this case, which, as noted, charges him with assaulting Rondarius Williamson in retaliation for Williamson's cooperation in Case No. 3:15-cr-00088, as discussed in both the PSR and referenced during Haji-Mohamed's sentencing in that case. The defendant argues, in short, that the timing of the issuance of the Indictment—just days after his "petition for relief pursuant to 28 U.S.C. § 2255" but twenty-seven months after the alleged assault—gives rise to a "realistic likelihood of vindictiveness" and that the court "should hold an evidentiary hearing to give [the government] the opportunity to rebut or disapprove vindictiveness." (Doc. No. 21, at 6.) The government argues that the record does not give rise to a presumption of vindictiveness and that the defendant is not entitled to discovery or an evidentiary hearing. (Doc. No. 27.)

## III.  LEGAL STANDARD

A prosecutor, of course, has "broad discretion" in deciding whom to prosecute and what charges to bring, but that discretion is not "unfettered." *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013); *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). "At a minimum, prosecutorial discretion is restrained by the Due Process Clause, which prohibits the prosecution from punishing a defendant for exercising a protected statutory or constitutional right." *LaDeau*, 734 F.3d at 566.

A defendant has two avenues for proving prosecutorial vindictiveness—that is, that he has been subjected to criminal prosecution in retaliation for having exercised a protected right. First, he can show "actual vindictiveness" by producing "objective evidence that a prosecutor acted in

order to punish the defendant for standing on his legal rights." *Bragan*, 249 F.3d at 481. Attempting to prove "actual vindictiveness" is "exceedingly difficult." *Id.* The defendant in this case has not embarked on that route.

Alternatively, he can show that there is "a realistic likelihood" that the prosecutor acted out of vindictiveness, based on the "particular factual situation presented." *Id.* To follow this course, the defendant must make a *prima facie* showing of a likelihood of vindictiveness. As the Sixth Circuit has explained, "[i]f a defendant establishes that '(1) the prosecutor has some stake in deterring the [defendant's] exercise of his rights and (2) the prosecutor's conduct was somehow unreasonable,' then the district court may find that there is a 'reasonable likelihood of vindictiveness' and may presume an improper vindictive motive." *LaDeau*, 734 F.3d at 566 (quoting *Bragan*, 249 F.3d at 482). While "[e]ach situation of this sort will necessarily turn on its own facts," if the defendant makes such a "*prima facie* showing of a realistic likelihood of vindictiveness, it is incumbent upon the district court to conduct an evidentiary hearing where the government's explanations can be formally presented and tested." *United States v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989). At such a hearing, the government will bear the burden of rebutting the presumption of vindictiveness with "objective, on-the-record explanations," such as "governmental discovery of previously unknown evidence" or "previous legal impossibility." *Bragan*, 249 F.3d at 482. The Sixth Circuit has also explained that, in "rare" cases in which the defendant makes the requisite *prima facie* showing, the court may permit the defendant to take discovery and then decide whether a hearing is necessary. *Adams*, 870 F.2d at 1141, 1146.

## IV. DISCUSSION

While it is undisputed that a defendant's ability to file a § 2255 motion to challenge a federal conviction is a protected statutory right, the particular facts and circumstances of this case

do not give rise to a presumption of vindictiveness that would entitle the defendant to either discovery or an evidentiary hearing.

First, it is questionable whether the defendant engaged in protected activity. Although the defendant characterizes the protected activity as filing a § 2255 motion, he did not actually file such a motion prior to the Indictment. Instead, he submitted a letter to the presiding judge requesting assistance in filing a § 2255 motion in the future. His letter did not identify any particular claims that he might bring, much less any potentially meritorious claims. The court appointed counsel, who filed an actual § 2255 motion (notably, not an amended motion) on behalf of Haji-Mohamed in December 2020, several months after the assault Indictment was issued. Nonetheless, since he had a right to file a § 2255 motion, "arguably he has satisfied the first element of his claim." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001) (referring to the defendant's expressed intention to file motions to suppress evidence and to dismiss the indictment).

Even assuming that he did engage in protected activity, Haji-Mohamed has not shown that the prosecutor has or had a particular "stake" in preventing the filing of § 2255 motions or retaliating against defendants who do so. The filing of such motions, especially by defendants who receive lengthy sentences, is not uncommon, but they are very rarely granted. A prosecutor's stake in a § 2255 motion is not comparable to his stake in a defendant's direct appeal. A § 2255 motion is not "particularly exceptional," and, while a defendant can be "expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor[,] [i]t is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter.'" *United States v. Suarez*, 263 F.3d 468, 479–80 (6th Cir. 2001) (quoting *United States v. Goodwin*, 457 U.S. 368, 381 (1982)).

More critically, the defendant has not shown that the prosecutor's action in this case was unreasonable or that any particular circumstances in this case remotely suggest vindictiveness. The Supreme Court has recognized that the mere presence of a superseding indictment bringing additional charges, within the context of a single case, does not give rise to a presumption of unreasonableness. *Goodwin*, 457 U.S. at 380. Instead, "a potentially vindictive superseding indictment must add additional charges or substitute more severe charges *based on the same conduct charged less heavily in the first indictment*." *Suarez*, 263 F.3d at 480 (emphasis added). The context of this case is different from that of *Suarez*, because here, the Indictment in question instituted a new case altogether; it is not a superseding indictment. Nonetheless, even though the prosecution clearly knew about the conduct giving rise to this Indictment while the defendant's previous prosecution was still pending, the conduct charged in the new Indictment is wholly unrelated to the conduct charged in the indictment in the underlying case. Based on *Suarez*, an indictment issued in a later case based on entirely different conduct is not unreasonable and does not give rise to a presumption of vindictiveness.

Further dispelling any suggestion of unreasonableness (or vindictiveness), the government had expressed its intention to bring charges based on the assault even before Haji-Mohamed was sentenced in the underlying prosecution, and the government's explanation for not indicting him sooner is substantiated by the delays in convening the grand jury caused by the pandemic.

In sum, the government's decision to pursue the prosecution was reasonable and well within its discretion, and the record is devoid of any evidence of a vindictive intent or motive on the part of the government.

**V.     CONCLUSION AND ORDER**

The court finds, under the particular circumstances of this case, that the defendant has not made a *prima facie* showing of a realistic likelihood of vindictiveness on the part of the prosecutor for bringing the Indictment in this case. He is not entitled to discovery or an evidentiary hearing. The Motion to Dismiss Indictment (Doc. No. 21) is **DENIED**.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge